UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NEVADA SANDCASTLES, LLC, | Case No. 2:16-cv-01146-MMD-NJK |
| Plaintiff, | ORDER |
| v. | |
| NATIONSTAR MORTGAGE, LLC, *et al.*, | |
| Defendants. | |

## I.  SUMMARY

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court is Intervenor Defendant Federal Home Loan Mortgage Corporation's ("Freddie Mac") motion for summary judgment (ECF No. 47). The Court has reviewed Plaintiff Nevada Sandcastles, LLC's ("Sandcastles") response (ECF No. 56) as well as Freddie Mac's reply (ECF No. 60).

Additionally before the Court is Sandcastles' motion for summary judgment (ECF No. 48). The Court has reviewed Freddie Mac's response (ECF No. 58) as well as Plaintiff's reply (ECF No. 59).

The Court grants Freddie Mac's motion for summary judgment based on 12 U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar") and accordingly denies Sandcastles' motion for summary judgment as moot.

## II.  BACKGROUND

The following facts are undisputed unless otherwise indicated.

Linda Lee Hartman ("Borrower") executed a note ("Note") and first deed of trust ("DOT") on December 17, 2004, in exchange for a loan of $209,000 ("Loan") to purchase real property ("the Property") located within a homeowners association ("HOA") at 1714 Blanchard Drive, Henderson, NV 89074. (ECF No. 47 at 5.) The DOT listed Taylor, Bean

& Whitaker Mortgage Corporation as the lender, North American Title as the trustee, and MERS as beneficiary solely as nominee for the lender and lender's successors and assigns. (*Id.*)

Freddie Mac purchased the Loan in January 2005 and obtained a property interest in the DOT. (*Id.*)

MERS recorded an assignment of the beneficial interest in the DOT to Ocwen Loan Servicing, LLC ("Ocwen") on September 1, 2011. (*Id.*) Ocwen then recorded an assignment of the beneficial interest to Nationstar Mortgage, LLC ("Nationstar") on May 31, 2013. (*Id.* at 6.)

The Borrower failed to pay monthly HOA assessments, and the HOA recorded a Notice of Delinquent Assessment Lien on October 20, 2011. (*Id.* at 7.) The HOA recorded a Notice of Default and Election to Sell under the Deed of Trust on March 29, 2012. (*Id.*) The HOA recorded a Notice of Foreclosure Sale on July 30, 2013. (*Id.*)

The HOA sold the Property to Randy and Lynne Merrill on August 23, 2013, for $22,000 ("HOA Sale"). (*Id.* at 8.) Nationstar was the servicer of the loan for Freddie Mac at the time. (*Id.* at 5.)

Randy and Lynne Merrill subsequently conveyed title to the Property to The Randy R. Merrill and Lynne M. Merrill Family Trust. (*Id.* at 8.) The Trust then conveyed title to the Property to Sandcastles. (*Id.*)

## III.    LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the

suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV.    FREDDIE MAC'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 47)

Freddie Mac argues that the Federal Foreclosure Bar protects its DOT. (ECF No. 47 at 10.) The Federal Foreclosure Bar prohibits nonconsensual foreclosure of Federal Housing Finance Agency ("FHFA") assets. *Berezovsky v. Moniz*, 869 F.3d 923, 925 (9th Cir. 2017). As a result, the Federal Foreclosure Bar generally protects Freddie Mac's property interests from extinguishment if Freddie Mac was under FHFA's conservatorship, ///

possessed an enforceable property interest at the time of the HOA Sale, and did not consent to such extinguishment. *See id.* at 933.

Here, it is undisputed that Freddie Mac was placed into conservatorship under FHFA in September 2008. (*See* ECF No. 47 at 5 (asserting that Freddie Mac was placed into conservatorship in September 2008); ECF No. 56 at 3-7 (failing to dispute this fact).) It is also undisputed that the Conservator did not consent to the HOA Sale extinguishing or foreclosing Freddie Mac's interest in the Property. (*See* ECF No. 47 at 8 (asserting that the Conservator did not consent to the HOA Sale extinguishing or foreclosing Freddie Mac's interest in the Property); ECF No. 56 at 7 (identifying this fact as undisputed).) And Freddie Mac acquired an enforceable property interest in the Property in January 2005, and continued to hold that interest at the time of the HOA Sale on August 23, 2013. (ECF No. 47 at 5; ECF No. 56 at 3 (disputing only whether the HOA Sale extinguished Freddie Mac's interest).)

The Court finds that the Federal Foreclosure Bar protected Freddie Mac's DOT from extinguishment given that Freddie Mac held an enforceable interest in the Property at the time of the HOA Sale, was under the conservatorship of FHFA at the time of the HOA Sale, and did not consent to the HOA Sale extinguishing or foreclosing Freddie Mac's interest in the Property. Accordingly, the HOA Sale did not extinguish Freddie Mac's interest in the Property, and the DOT therefore continues to encumber the Property.

Sandcastles argues that the Federal Foreclosure Bar did not preserve Freddie Mac's interest because the Federal Foreclosure Bar violates Sandcastles' procedural due process rights. (ECF No. 56 at 8.) To obtain relief on a procedural due process claim, the plaintiff must establish the existence of "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). Sandcastles argues that it possesses a property interest in purchasing the Property free and clear of the DOT based on NRS § 116.3116(2), the Nevada law that gives an HOA a true superpriority lien. (ECF No. 56 at 8.) But the Ninth Circuit expressly rejected this argument in *Fed. Home*

*Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136 (9th Cir. 2018). There, the Ninth Circuit found that NRS § 116.3116(2) does not create a constitutionally protected property interest in purchasing properties at a homeowner association's sales with free and clear title. *Id.* at 1148. Given that Sandcastles cannot establish a property interest in purchasing the Property free and clear of the DOT, the Court rejects its arguments relating to violation of the takings clause and due process clause of the United States and Nevada Constitutions. (*See* ECF No. 56 at 9.)

Sandcastles further argues Freddie Mac's remedy is against Nationstar—not the HOA—because Nationstar failed to record Freddie Mac's interest. (*Id.* at 11.) But the HOA cites no authority for this argument, and the Ninth Circuit has held to the contrary. *See Fed. Home Loan Mortg. Corp.*, 893 F.3d at 1150 ("Further, [the Housing and Economic Recovery Act, 12 U.S.C. § 4511 *et seq.*] does not require the Enterprises to have recorded their ownership of the liens in local recording documents for FHFA to have succeeded to those valid interests upon inception of conservatorship."). In addition, the Ninth Circuit has held that an agency relationship between a loan servicer and Freddie Mac satisfies the requirements of Nevada law for Freddie Mac to maintain a secured property interest. *Berezovsky*, 869 F.3d at 932 (citing *In re Montierth*, 354 P.3d 648, 650-51 (Nev. 2015)).

Sandcastles further argues that it was protected as a bona fide purchaser. (ECF No. 56 at 11-12.) But the Federal Foreclosure Bar preempts Nevada's bona fide purchaser statute. *JPMorgan Chase Bank N.A. v. GDS Fin. Servs.*, No. 2:17-cv-2451-APG-PAL, 2018 WL 2023123, at *3 (D. Nev. May 1, 2018).

Accordingly, the Court will grant summary judgment in favor of Freddie Mac.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

///

It is therefore ordered that Freddie Mac's motion for summary judgment (ECF No. 47), seeking judgment in its favor on its counterclaims and on Sandcastles' claims, is granted. The Court declares that the HOA Sale did not extinguish Freddie Mac's interest in the Property, and Sandcastles' interest in the Property is subject to Freddie Mac's Deed of Trust.

It is further ordered that Sandcastles' motion for summary judgment (ECF No. 48) is denied as moot.

It is further ordered that the Clerk of the Court enter judgment in favor of Freddie Mac and close this case.

DATED THIS 4th day of February 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE